[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13074
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 31, 2011
JOHN LEY
CLERK

Agency No. A088-411-698

ARTURO JOSE CARRIZO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 31, 2011)

Before HULL and FAY, Circuit Judges, and VINSON,* District Judge.

PER CURIAM:

_____

*Honorable C. Roger Vinson, United States District Judge for the Northern District of
Florida, sitting by designation.

Arturo Jose Carrizo is a native and citizen of Venezuela. He came to the United States on November 23, 2006, as a non-immigrant visitor for pleasure authorized to remain until May 22, 2007. On May 2, 2007, as time was running out, he applied for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and protection under the U. N. Convention Against Torture ("CAT").

In his application, Carrizo stated that he feared returning to Venezuela because of his family's involvement in Accion Democratica, a political party opposed to President Hugo Chavez. This fear intensified on March 4, 2004, when his mother was killed during a political rally by a member of the Venezuelan National Guard. He claimed that he and his brother Jose witnessed the killing and that the National Guard arrested and detained them for several hours afterwards. While detained, his brother was beaten, though he was not. Following his mother's death, members of the National Guard threatened him and forced him and his family into hiding. In describing why he left Venezuela and was seeking asylum in the United States, Carrizo cited the difficulty his family had experienced in attempting to seek justice for his mother's murder. He also said that his family's properties were "at the mercy of the Venezuelan state."

At a merits hearing on his application before an Immigration Judge ("IJ"),

Carrizo presented the testimony of himself and Jose and introduced documentary evidence. After hearing this testimony and considering the documentary evidence, the IJ found that Carrizo had failed to testify credibly and thus had failed to satisfy his burden of proof. In finding Carrizo's testimony not credible, the IJ noted several material inconsistencies between Carrizo's testimony, asylum application, and much of the documentary evidence Carrizo had submitted. The IJ therefore denied his application and ordered his removal.

Carrizo timely appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). On June 7, 2010, the BIA found no clear error in the IJ's credibility determination, observing that the IJ had supported his credibility findings with specific and cogent reasons. The BIA therefore dismissed Carrizo's appeal.

Carrizo now petitions this court for review, challenging the BIA's affirmance of the IJ's finding that his testimony was not credible. The issue for us to decide is, therefore, whether substantial evidence supports that finding and thus the BIA's decision.[1]

---

[1] As an initial matter, we hold that because Carrizo failed to address the denial of CAT relief in his brief, he has abandoned his claim to such relief. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). Although the BIA ruled on the IJ's denial of CAT relief *sua sponte*, any claim that the IJ erred is unexhausted because Carrizo failed to present the issue to the BIA. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1249-51 (11th Cir. 2006). Accordingly, we lack jurisdiction to review the denial of CAT relief.

We review the BIA's decision as the final judgment, unless the BIA has expressly adopted the IJ's decision, in which case we review the IJ's decision as well. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007). We also review the IJ's decision to the extent that the BIA adopted the IJ's reasoning for the decision. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Because the BIA adopted the IJ's reasoning with respect to the adverse credibility determination, we review both the IJ's and BIA's decisions concerning Corrizo's credibility.

We review the IJ's factual determinations under the substantial-evidence test. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005). We must "affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar*, 257 F.3d at 1284 (internal quotations omitted). Under this test, we view "the record evidence in the light most favorable to the . . . decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*). We reverse an IJ's factual findings "only if the evidence compels a reasonable fact finder to find otherwise." *Todorovic v. U.S. Att'y Gen.*, 621 F.3d 1318, 1324 (11th Cir. 2010) (quotation omitted).

An alien who arrives in or is present in the United States may apply for asylum. The Attorney General or Secretary of Homeland Security enjoys

4

discretion to grant asylum if the alien is a "refugee," as defined by INA

§ 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).  INA § 208(b)(1)(A), 8 U.S.C.

§ 1158(b)(1)(A).  Section 1101(a)(42)(A) of Title 8 of the United States Code

defines a refugee as:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).  The asylum applicant carries the

burden of proving his status as a statutory "refugee" and thereby establishing

eligibility for asylum.  *Al Najjar*, 257 F.3d at 1284.  "To establish asylum

eligibility based on political opinion, the alien carries the burden to prove, with

credible evidence, either that (1) he suffered past persecution on account of his

political opinion, or (2) he has 'a well-founded fear' that his political opinion will

cause him to be persecuted."  *Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884,

890 (11th Cir. 2007).

"To establish asylum based on past persecution, the applicant must prove

(1) that [he] was persecuted, and (2) that the persecution was on account of a

5

protected ground." *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006). "[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." *Sepulveda*, 401 F.3d at 1231 (internal quotations omitted). "The ordinary meaning of the phrase 'persecution on account of . . . political opinion' in § 101(a)(42) is persecution on account of the *victim's* political opinion, not the persecutor's." *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 482, 112 S.Ct. 812, 816, 117 L.Ed.2d 38, 45 (1992) (emphasis in original). Nevertheless, an asylum applicant can prove refugee status based on an imputed political opinion, whether correctly or incorrectly attributed to the applicant. *Al Najjar*, 257 F.3d at 1289.

To qualify for withholding of removal under the INA, an alien must show that if returned to his country, the alien's life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). "The alien bears the burden of demonstrating that it is 'more likely than not' [he] will be persecuted or tortured upon being returned to [his] country." *Sepulveda*, 401 F.3d at 1232. A petitioner's inability to meet the standard of proof for asylum generally precludes the petitioner from qualifying for withholding of removal. *Al Najjar*, 257 F.3d at 1292-93.

6

The REAL ID Act of 2005 amends the law for determining credibility in an application for asylum or withholding of removal filed after May 11, 2005. *See* Pub. L. No. 109-13, 119 Stat. 302, § 101(h)(2). Section 1158(b)(1)(B)(iii) of Title 8 of the United States Code provides:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

The IJ must offer specific, cogent reasons for an adverse credibility finding. *Forgue*, 401 F.3d at 1287. An alien's own testimony "can suffice where the testimony is believable, consistent, *and* sufficiently detailed." *Niftaliev v. U.S. Att'y Gen.*, 504 F.3d 1211, 1217 (11th Cir. 2007) (quoting *In re S-M-J*, 21 I. & N. Dec. 722 (BIA 1997)).

Both the IJ and the BIA found Carrizo's testimony not credible. To rebut their finding, Carrizo must show that the finding is not supported by "specific, cogent reasons" or was not based on substantial evidence. *Forgue*, 401 F.3d at

7

1287. "[I]n the absence of corroborating evidence, an adverse credibility determination may be sufficient to support the denial of an application." *Mohammed v. U.S. Att'y Gen.*, 547 F.3d 1340, 1345 (11th Cir. 2008). "Of course, an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant. That is, the IJ must still consider *all* evidence introduced by the applicant." *Forgue*, 401 F.3d at 1287 (emphasis in original). Nevertheless, the IJ and the BIA need not "address specifically each claim the petitioner made or each piece of evidence the petitioner presented, but they must consider the issues raised and announce their decision in terms sufficient to enable a reviewing court to perceive that they have heard and thought and not merely reacted." *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010) (alteration and quotation omitted).

In the present case, substantial evidence supports the IJ's and the BIA's finding that Carrizo's testimony was not credible. The IJ and the BIA offered specific and cogent reasons for the finding; they cited numerous material inconsistencies between Carrizo's testimony and the documentary evidence he introduced in support of his asylum application. He claimed to have been present with Jose at the political rally when his mother was killed. Yet, neither the newspaper articles about the event nor any members of his family (in applying for

8

asylum) averred that he was politically active, present at the rally, or detained and beaten thereafter. In short, the documentary evidence corroborated Jose's testimony, but not Carrizo's. Carrizo also testified that he had been detained and harassed by the National Guard on numerous other occasions, but his asylum application mentioned none of these alleged detentions. Although Carrizo might reasonably decline to list every detention, his failure to mention any of them supports the IJ's adverse credibility finding. *See Forgue*, 401 F.3d at 1287 (holding that an applicant's omission of relevant political activity from his asylum application provided substantial evidence in support of the IJ's adverse credibility finding).

In sum, substantial evidence supports the IJ's and the BIA's denial of Carrizo's asylum application. Because Carrizo failed to satisfy the burden of establishing eligibility for asylum, the IJ and the BIA properly found that he had not established eligibility for withholding of removal. *See Al Najjar*, 257 F.3d at 1292-93.

PETITION DENIED.