[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12915
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 1, 2012
JOHN LEY
CLERK

Agency No. A094-805-309

KHALMAT OBIDJONOV,
ZURA OBIDJONOVA,

                                                          Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                          Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 1, 2012)

Before MARCUS, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Khalmat Obidjonov and his wife, Zura Obidjonova, natives and citizens of Uzbekistan, petition for review of the denial of their applications for asylum and withholding of removal. 8 U.S.C. §§ 1158, 1231(b)(3). The Board of Immigration Appeals affirmed the findings of the immigration judge that the Obidjonovs' applications for asylum were untimely and that Khalmat's testimony was not credible. We dismiss in part and deny in part the Obidjonovs' petition.

We lack jurisdiction to review the Obidjonovs' application for asylum. The Obidjonovs waited more than one year after their arrival in the United States to apply for asylum, id. § 1158(2)(B), and although they argued that changed circumstances excused their untimely filing, id. § 1158(a)(2)(D), "[n]o court . . . ha[s] jurisdiction to review" that determination, id. § 1158(a)(3). We dismiss the Obidjonovs' petition for review of the denial of their application for asylum.

Substantial evidence supports the finding that Khalmat was not credible, and the immigration judge provided specific and cogent reasons to support that finding. Carrizo v. U.S. Att'y Gen., 652 F.3d 1326, 1332 (11th Cir. 2011). There were several inconsistencies in the evidence regarding Khalmat's personal life and his business. Khalmat testified that he changed his surname from Aripov to Obidjonov in 2000, but he submitted exhibits that established he used the surname

2

Obidjonov in 1995. Khalmat stated in an amended application that his son and father sold his apartment in November 2008, but Khalmat testified that his father died in January 2007. Khalmat's application contained inconsistent statements about how long that he owned a grocery store: Khalmat first stated that he owned the store through 2000, but he later stated that he was forced by the government to sell the store in December 1995. Khalmat testified that he paid "155,000 soms" for the store and was forced to sell the store for "100,000 soms," but Khalmat submitted an exhibit stating that he paid "5022 sum" for the store. The Obidjonovs argue that these inconsistences are "minor [and] immaterial," but the "trier of fact may base a credibility determination on . . . any inaccuracies[, inconsistencies,] or falsehoods in [the applicant's written and oral] statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, there was a "discrepancy" in the evidence about the Obidjonovs' claim of future persecution: the Obidjonovs stated that they feared persecution from "local Mahala authorities," but the Obidjonovos submitted a certificate obtained from an official of the "Mahala Society."

We **DISMISS** the petition for review of the denial of asylum and **DENY** the petition for review of the denial of withholding of removal.

**PETITION DISMISSED IN PART, DENIED IN PART**.