[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-11062
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 6, 2012
JOHN LEY
CLERK

Agency No. A098-379-427

MONICA JOSEFINA ROSALES
ANDRES EDUARDO VASQUEZ,
DAVID JAVIER VASQUEZ,
JOSE ANTONIO VASQUEZ,

                                                            Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 6, 2012)

Before WILSON, MARTIN, and KRAVITCH, Circuit Judges.

PER CURIAM:

Monica Josefina Rosales and her three sons, as derivative applicants, petition us for review of the Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's (IJ) order denying her applications for asylum under the Immigration and Nationality Act (INA) § 208(a), 8 U.S.C. § 1158(a), withholding of removal, INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT), 8 C.F.R. § 208.16(c). Rosales argues the BIA incorrectly found that she did not qualify for withholding of removal because she established that she suffered past persecution on account of her political activities in Venezuela and because she established a well-founded fear of future persecution.

Rosales failed to dispute the denial of asylum and CAT relief in her appeal to the BIA; therefore, she failed to exhaust these issues below and waives them on review. *See Delgado v. U.S. Att'y Gen.*, 487 F.3d 855, 861 n.5 (11th Cir. 2007) (per curiam) (holding that an applicant failed to exhaust an issue because he did not raise the issue before the BIA). Rosales's sons are ineligible for relief under INA § 241(b)(3) because aliens cannot receive derivative eligibility for

withholding of removal. *See Delgado*, 487 F.3d at 862 (holding that the withholding-of-removal statute, unlike the asylum statute, confers no derivative benefits). Thus, the only issue on review is Rosales's application for withholding of removal.

I.

We review the BIA's legal determinations *de novo* and factual determinations under the substantial evidence test. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283–84 (11th Cir. 2001). Under the highly deferential substantial evidence test, we affirm the BIA's factual determination that an alien is statutorily ineligible for withholding of removal if the determination is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* at 1284 (quotation omitted). We reverse the BIA's finding of facts only if the record compels it, but "the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the [BIA's] findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc). We review "only the Board's decision, except to the extent that it expressly adopts the IJ's opinion." *Al Najjar*, 257 F.3d at 1284. Here, the BIA issued its own opinion and relied on the IJ's reasoning without expressly adopting the IJ's opinion; therefore, we "review the BIA's decision, with regard to those matters on which it rendered its own opinion

3

and reasoning." *Tang v. Att'y Gen.*, 578 F.3d 1270, 1275 (11th Cir. 2009).

Withholding of removal is granted if an applicant establishes that more likely than not the applicant's life or freedom would be threatened in the country of removal because of the applicant's race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3)(A). The applicant has the burden to show that he or she meets the requirements for withholding of removal. 8 C.F.R. § 1208.16(b). "[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation." *Carrizo v. U.S. Att'y Gen.*, 652 F.3d 1326, 1331 (11th Cir. 2011) (per curiam) (quotation omitted). "If the applicant can show that the persecution was, at least in part, motivated by a protected ground, then the applicant can establish eligibility for withholding of removal." *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1375 (11th Cir. 2006).

Rosales argues that the IJ erroneously applied the standard required by the REAL ID Act, and the BIA relied on this incorrect reasoning. Although it is clear from the IJ's decision that he applied the incorrect standard, the BIA cured this defect by applying the correct pre-REAL ID Act standard in its opinion. Specifically, the BIA found that Rosales failed to establish that she was persecuted on account of any of the protected grounds. Substantial evidence supported the

4

finding that any harm that Rosales experienced resulted from the efforts of the Venezuelan government to confiscate her husband's property, not from her political activities. Finally, substantial evidence supported the BIA's conclusion that the harm against Rosales did not rise to the level of persecution because she only suffered property damage, threatening notes, and threatening telephone calls. *See, e.g.*, *Sepulveda v. U. S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (per curiam) (holding that the bombing of a restaurant where the applicant worked, along with threats, did not constitute past persecution that would require reversal of an IJ decision); *Silva v. U. S. Att'y Gen.*, 448 F.3d 1229, 1237 (11th Cir. 2006) (concluding that a threatening note and telephone calls were mere harassment rather than persecution).

## II.

An applicant who has not suffered past persecution may demonstrate that her life or freedom would be threatened in the future by establishing future persecution, by a preponderance of the evidence, on account of a protected ground. 8 C.F.R. § 1208.16(b)(2); *see also Imelda v. U.S. Att'y Gen.*, 611 F.3d 724, 728 n.3 (11th Cir. 2010).

There is substantial evidence in the record to support the BIA's conclusion that there is no likelihood of future persecution. The BIA found that Rosales's

5

return trips to Venezuela were not the actions of an individual who is genuinely fearful for her life. Moreover, during both of the return trips home no harm came to Rosales, and during the most recent return trip home no one threatened Rosales. *See De Santamaria v. Att'y Gen.*, 525 F.3d 999, 1011 (11th Cir. 2008) (finding that voluntary returns to a home country may weaken or undermine an applicant's claim of persecution).

Upon review of the record and the parties' briefs, we deny Rosales's petition.

**PETITION DENIED.**