[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13020
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 20, 2012
JOHN LEY
CLERK

Agency No. A088-616-943

MURAD MURTAZALIEVICH AKHMEDOV,

                                                                        Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(March 20, 2012)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

    Murad Murtazalievich Akhmedov, a native and citizen of Russia, petitions

for review of the denial of his application for asylum. 8 U.S.C. § 1158.

Akhmedov sought asylum on the grounds that he had been persecuted and feared future persecution on account of his Jewish heritage, but the Board of Immigration Appeals affirmed the finding of the immigration judge that Akhmedov was not credible. We deny Akhmedov's petition.

Substantial evidence supports the adverse credibility finding. The immigration judge provided specific and cogent reasons for the finding. Carrizo v. U.S. Att'y Gen., 652 F.3d 1326, 1332 (11th Cir. 2011). Akhmedov based his claim of persecution primarily on an incident that occurred outside a university in Dagestan on April 20, 2006, but there were inconsistences between Akhmedov's application, his testimony, and his corroborating evidence regarding the incident and his injuries. Akhmedov testified initially that he and a compatriot were attacked around 5:00 p.m. after being harassed and prevented from photographing anti-Semitic remarks written on a newspaper article that they had posted on a university bulletin board, but Akhmedov's testimony changed after the Attorney General confronted Akhmedov with evidence that he had been in Moscow on the day of the incident. Eventually Akhmedov admitted that he had traveled to Moscow, but then he gave an implausible account about returning to Dagestan by 5:30 p.m. and being attacked around 7:30 p.m. Akhmedov stated in his application that he had been transported to a hospital where he had remained for

2

three days to treat his swollen face, nausea, and a headache, but that statement was inconsistent with Akhmedov's testimony that he had suffered a fracture in his hand, 42 hematomas, and a concussion; a medical report dated April 24, 2006, stating that Akhmedov had received outpatient treatment for a concussion and fracture in his forearm suffered on April 20, 2006; and a newspaper article dated April 28, 2006, reporting that the attack had rendered Akhmedov unconscious for three days and had required hospitalization for two weeks. The record does not "compel a reasonable fact finder" to credit Akhmedov's testimony. Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1233 (11th Cir. 2006).

Akhmedov argues that the Board failed to consider the totality of the circumstances when reviewing the adverse credibility finding, but we disagree. The Board considered Akhmedov's argument that he suffered from memory loss, but the Board rejected that explanation based on Akhmedov's ability to "describe[] in detail" two different versions of the April 2006 incident and the "discrepant dates and descriptions of his injuries." Akhmedov argues that the Board also should have considered the country conditions in Russia, but Akhmedov fails to explain how those conditions establish the truthfulness of his inconsistent accounts of persecution.

Akhmedov's petition for review is **DENIED**.

3