[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14649
Non-Argument Calendar
_____

Agency No. A089-114-618

QIAN JIANGQING,
a.k.a. Jiangqing Qian,

Petitioner,

versus

US ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 29, 2013)

Before WILSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Qian Jiangqing (Qian) seeks review of the Board of Immigration Appeals' (BIA) final order affirming the Immigration Judge's (IJ) denial of his application for asylum under the Immigration and Nationality Act (INA), § 208(a), 8 U.S.C. § 1158(a), withholding of removal, INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT), 8 C.F.R. § 208.16(c). Qian applied for asylum, withholding of removal, and CAT relief on the ground that he would be persecuted for his family's ties to Falun Gong and the Chinese government's belief that he was a Falun Gong practitioner. After review, we deny the petition.[1]

Where "the BIA issues its own opinion, we review only the decision of the BIA, except to the extent that the BIA expressly adopts the IJ's decision." *Tang v. U.S. Att'y Gen.*, 578 F.3d 1270, 1275 (11th Cir. 2009) (internal quotation marks omitted). We review factual determinations under the substantial evidence test. *Carrizo v. U.S. Att'y Gen.*, 652 F.3d 1326, 1330 (11th Cir. 2011) (per curiam). We will affirm a decision "if it is supported by reasonable, substantial, and probable evidence on the record considered as a whole." *Id.* (internal quotation

---

[1] On appeal, Qian did not offer any argument on his claims for withholding of removal or CAT relief. As such, these claims are abandoned. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam) (stating that "[w]hen an appellant fails to offer argument on an issue, that issue is abandoned").

marks omitted). "We will reverse an IJ's factual findings only if the evidence compels a reasonable fact finder to find otherwise." *Id.* at 1331.

The Attorney General or Secretary of Homeland Security has the discretion to grant asylum to an alien who meets the definition of a refugee. INA § 208(b)(1); 8 U.S.C. § 1158(b)(1)(A). A refugee is defined as a person:

> who is outside any country of such person's nationality . . . and who is unable and unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

INA § 101(a)(42)(A); 8 U.S.C. § 1101(a)(42)(A). The asylum applicant bears the burden of proving statutory "refugee" status. 8 C.F.R. § 208.13(a). In order to meet this burden, the applicant must prove, with credible evidence, that either: "(1) he suffered past persecution on account of his political opinion, or (2) he has a well-founded fear that his political opinion will cause him to be persecuted." *Carrizo*, 652 F.3d at 1331 (internal quotation marks omitted); *see also* 8 C.F.R. § 208.13(b).

We have described that "persecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that [m]ere harassment does not amount to persecution." *Sepulveda*, 401 F.3d at 1231 (alteration in original) (internal quotation marks omitted). A showing of past

3

persecution creates a rebuttable presumption of a well-founded fear of future persecution. *Id.* "If the applicant fails to demonstrate past persecution, an applicant may still establish asylum based upon proof of a well-founded fear of future persecution." *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1007 (11th Cir. 2008); 8 C.F.R. § 208.13(b)(2). "To establish a well-founded fear of future persecution, an alien need only show that there is a *reasonable possibility* of suffering such persecution if he or she were to return to that country." *Mehmeti v. U.S. Att'y Gen.*, 572 F.3d 1196, 1200 (11th Cir. 2009) (per curiam). "The alien must establish a fear that is both subjectively genuine and objectively reasonable." *Id.* (internal quotation marks omitted).

In *Zheng v. United States Attorney General*, we denied a petitioner's asylum claim based on persecution for his involvement in Falun Gong because he failed to demonstrate past persecution, and did not establish a reasonable possibility that he would suffer future persecution. 451 F.3d 1287, 1291–92 (11th Cir. 2006) (per curiam). We held that Zheng's five day detention, in which he was forced to watch anti-Falun Gong videos, stand in the sun for two hours, and sign a statement that he would no longer practice Falun Gong, did not establish past persecution. *Id.* at 1289, 1291–92. As to Zheng's well-founded fear of future persecution, we noted that although the 2002 Country Report indicates the "Chinese government's effort to repress Falun Gong . . . the Report also states that Falun Gong followers were

4

generally released from detention and that the harshest punishments were reserved for core leaders of the movement." *Id.* at 1291–92. Because Zheng was not a "core leader" and had been able to relocate to a rural village without enduring any harm, we concluded that substantial evidence supported the IJ's determination that Zheng failed to demonstrate that he had a well-founded fear of future persecution. *Id.*

In this case, we review the IJ's decision because the BIA expressly adopted it. *See Tang*, 578 F.3d at 1275. Substantial evidence supports the IJ's and BIA's conclusion that Qian failed to establish eligibility for asylum based on his family's practice of Falun Gong and the Chinese government's belief that he was a Falun Gong practitioner. The IJ and BIA concluded that Qian's asylum claim failed to meet the objective prong of the well-founded fear of future persecution analysis and that the record did not compel a contrary conclusion.

Although Qian testified that police detained him and his father once after Falun Gong material was found in the family home, Qian did not suffer any harm during this detention and was released after two days. Qian acknowledged that he was not a "core leader" of the Falun Gong movement. In fact, Qian admitted that he did not even practice Falun Gong. Further, after Qian left for the United States, Qian's father took sole responsibility for the Falun Gong material found in Qian's family's home. Based on the 2009 Country Report, which is substantially similar

to the 2002 Country Report we relied upon in *Zheng*, the harshest punishment was reserved for Falun Gong's "core leaders," while most casual practitioners of Falun Gong were punished administratively.  Despite testifying that he would be arrested and beaten if returned to China, Qian has not provided any evidence to show that he would be punished more severely than the petitioner in *Zheng*, whom we found did not establish past persecution or a well-founded fear of future persecution.

Because Qian was not a leader of the Falun Gong movement and he was not harmed during his prior Falun Gong-based detention, substantial evidence supports the IJ's and BIA's conclusion that Qian did not show he faced a reasonable possibility of harsh punishment upon return to China.  As such, the IJ and BIA correctly determined that Qian was not eligible for asylum.  Accordingly, we deny his petition for review.

**AFFIRMED.**