[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14843
Non-Argument Calendar
_____

Agency No. A087-900-484

ZHI FENG,

Petitioner,

versus

US ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 3, 2013)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Zhi Feng, a native and citizen of China, petitions for review of an order that

affirmed the denial of his application for asylum, withholding of removal, and

relief under the United Nations Convention Against Torture and Other Cruel,

Inhuman, and Degrading Treatment or Punishment. 8 U.S.C. §§ 1158, 1231.  Feng sought asylum and withholding of removal on the ground that he had suffered past persecution on account of his religious activities, but the Board of Immigration Appeals agreed with the finding of the immigration judge that Feng was not credible.  We dismiss in part and deny in part Feng's petition.

Feng argues that he is eligible for relief under the Convention, but we lack jurisdiction to consider that argument.  Feng failed to argue for relief under the Convention in his brief to Board.  "[A]bsent a cognizable excuse or exception, we lack jurisdiction to consider claims that have not been raised before the [Board]." Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) (internal quotation marks omitted).  We dismiss that part of Feng's petition seeking review of the denial of his application for relief under the Convention.

Substantial evidence supports the finding that Feng was not credible, and the Board identified specific and cogent reasons to support that finding.  See Carrizo v. U.S. Att'y Gen., 652 F.3d 1326, 1332 (11th Cir. 2011).  Feng based his application on two incidents in which police allegedly beat him for religious activities, but there were several inconsistencies in Feng's application, his testimony, and his corroborating evidence regarding his role in an underground church and his injuries.  Feng submitted a warrant to arrest him purportedly issued in August 2009 because he had been a "major member" of a "non-government registered illegal

2

underground" church and, despite undergoing "numerous educations and punishments," had "enlarged the organization of the church," but Feng later testified that he had not been a leader in the church, he had only two encounters with the police, and the church had closed after his arrest in July.  Feng also submitted a Hospital Illness Certificate stating that on July 18 he suffered a hematoma and injuries to the "[s]oft tissues . . . around the whole body," his "four limbs," and his back, but Feng did not mention any injuries in his application and later testified that he was treated and released from the hospital in 30 minutes and did not suffer any broken bones.  Feng also testified falsely about the location of his residence in the United States and refused to respond when asked to provide his address, and the Board was entitled to consider Feng's lack of candor in determining his credibility.  8 U.S.C. § 1158(b)(1)(B)(iii).  Feng fails to provide an explanation for his inconsistencies that would compel a reasonable fact finder to reverse the adverse credibility finding and conclude that Feng established eligibility for asylum relief or withholding of removal.  See Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1233 (11th Cir. 2006).

We **DISMISS** Feng's petition for review of the denial of relief under the Convention and **DENY** his petition for review of the denial of asylum and withholding of removal.

**DISMISSED IN PART, DENIED IN PART.**

3