[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15135
Non-Argument Calendar
_____

Agency No. A088-741-397

MING ZHENG,

Petitioner,

versus

US ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(July 12, 2013)

Before WILSON, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Ming Zheng seeks review of the BIA's final order affirming the IJ's denial of his application for asylum, withholding of removal, and CAT relief.

Briefly stated, the petition presents these issues:

1.  Whether substantial evidence supports the denial of Zheng's application for asylum based upon an adverse-credibility determination.

2.  Whether substantial evidence supports the BIA's alternative finding that Zheng failed to demonstrate either past persecution or a well-founded fear of future persecution.

"Substantial evidence" review must be a highly deferential one. *See Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005). The BIA's adverse-credibility determination was supported by "specific, cogent reasons" -- including Zheng's swearing to two different dates of entry into the United States -- and was supported by substantial evidence.

Under the law, "persecution" is an extreme concept and "fear" has an objectionably reasonable element. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005); *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1353 (11th Cir. 2009); *Al Najjar v. Ashcroft,* 257 F.3d 1262, 1289 (11th Cir. 2001). Even if Zheng had been credible, the BIA also found that Zheng did not meet his

2

burden of showing either past persecution or a well-founded fear of persecution on account of his political opinion.  This finding was supported by substantial evidence: the level of mistreatment was not sufficiently extreme and the record does not compel the conclusion that the Chinese government was aware of Zheng's low-level political activity or that it would actually target him as a result of the activity.  Because Zheng failed to establish his eligibility for asylum, he has necessarily failed to meet the higher standards for withholding of removal or for CAT relief.  *See Forgue*, 401 F.3d at 1288 n.4.

The BIA's discussion was announced adequately.  The BIA is not required to address specifically each piece of evidence.  *See Carrizo v. U.S. Att'y Gen.*, 652 F.3d 1326, 1332 (11th Cir. 2011).

PETITION DENIED.

3