[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-15146
Non-Argument Calendar

_____

Agency No. A206-494-842


BEYSI ROSSIBEL MEJIA-GARCIA,
HECTOR JOSE SAUCEDA-MEJIA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 13, 2019)

Before MARCUS, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Beysi Rossibel Mejia-Garcia, a native and citizen of Honduras, and her son,

as her derivative beneficiary, petition for review of the final order that affirmed the

denial of her application for asylum under the Immigration and Nationality Act. 8 U.S.C. § 1158(a). Mejia-Garcia also applied for withholding of removal and for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, *see id.* §§ 1158(a), 1231(b)(3), but she has abandoned any challenge that she could have made to the denial of those forms of immigration relief. *See Cole v. U.S. Att'y Gen.*, 712 F.3d 517, 530 (11th Cir. 2013). Mejia-Garcia argues that the Board of Appeals erred in ruling that defects in her initial notice to appear did not deprive the immigration judge of jurisdiction over her removal proceedings. *See Pereira v. Sessions*, 138 S. Ct. 2105 (2018). Mejia-Garcia also challenges the finding of the immigration judge that she was not credible and the alternative finding that she lacked a well-founded fear of future persecution. While Mejia-Garcia's petition was pending, we held in *Perez-Sanchez v. United States Attorney General*, No. 18-12578, 2019 WL 3940873, at *1 (11th Cir. Aug. 21, 2019), that defects in a notice to appear do not affect the jurisdiction of the immigration judge and the Board to conduct removal proceedings. Because the immigration judge had the authority to adjudicate Mejia-Garcia's application and because substantial evidence supports the adverse credibility ruling, we deny the petition for review.

Our decision in *Perez-Sanchez* forecloses Mejia-Garcia's argument that the immigration judge lacked jurisdiction over her removal proceedings. In *Perez-*

*Sanchez*, we held that the requirement for a notice to appear to specify the time and place of a removal hearing, 8 U.S.C. § 1229(a)(1); 8 C.F.R. § 1003.14, is a claim-processing rule that, even when violated, does not prevent an immigration judge and the Board of Immigration Appeals from "properly exercis[ing] jurisdiction over [the alien's] removal hearing based on the authority conferred upon them by 8 U.S.C. § 1229a(a)(1)" and entering a "valid final order of removal." 2019 WL 3940873 at *3–7. In any event, after Mejia-Garcia received a notice to appear containing the date and time of her removal hearing, 8 U.S.C. § 1229(a)(1), she succeeded in having her removal proceedings reopened and the *in absentia* order rescinded. Mejia-Garcia then filed her application for immigration relief. So no defect existed in the notice to appear that resulted in the final order of removal that Mejia-Garcia challenges in her petition for review.

Substantial evidence supports the finding that Mejia-Garcia was not credible, and the Board of Immigration Appeals identified specific and cogent reasons to support that finding. *See Carrizo v. U.S. Att'y Gen.*, 652 F.3d 1326, 1332 (11th Cir. 2011). Mejia-Garcia based her application on the murder of her son's father, Sauceda Tejada, by men who misidentified him as a relative of three brothers with the surname Rivera, but there were inconsistencies in Mejia-Garcia's testimony and her corroborating evidence regarding Tejada's death. Mejia-Garcia testified that corrupt Honduran police officers killed Tejada and the three brothers

3

in the mistaken belief that they were members of the Rivera gang, but later Mejia-Garcia testified that the Rivera gang killed Tejada and the three brothers because they had the same surname as the gang. Although Mejia-Garcia submitted a sworn statement from an aunt who allegedly warned her to flee Honduras, the aunt's statement that Tejada was "murdered along with his three brothers" was inconsistent with Mejia-Garcia's testimony that Tejada was not related to the three other men who were killed. Because substantial evidence supports the adverse credibility finding, we need not address Mejia-Garcia's other argument about her eligibility for asylum.

We **DENY** Mejia-Garcia's petition for review.