[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11960

Non-Argument Calendar

_____

SAMUEL JASON ROBERTS,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A206-130-865

_____

Before WILSON, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Samuel Jason Roberts petitions us for review of two issues from his immigration court proceedings. First, he argues the Board of Immigration Appeals erred because it did not consider the entire evidentiary record when it affirmed the immigration judge's decision that pretermitted his application for asylum, found him ineligible for withholding of removal, and rejected his argument that he was protected under the Convention Against Torture. Second, he argues the Board erred by failing to remand his case for the immigration judge to consider his motion for voluntary departure. We disagree. Accordingly, we deny his petition for review.

## I.

Samuel Roberts is a native and citizen of Guyana. He entered the United States in 2002 on a tourist visa that authorized him to remain in the country for six months. In 2013, he was convicted in Florida for preparing or presenting a fraudulent insurance claim. In 2014, the Department of Homeland Security issued Roberts a notice to appear and charged him with removability as a noncitizen who remained in the United States longer than permitted.

An immigration judge ordered Roberts removable. Roberts then applied for asylum, withholding of removal, and Convention Against Torture protection. According to Roberts, he was fearful of returning to Guyana because of his political views, which he

wrote and spoke publicly about, and his membership in the "Afro-Guyanese" social group. He also said that he would be a target in Guyana because his father was the former Deputy Commissioner of Police in Guyana and while he was in that position a political activist was allegedly assassinated by the government. Roberts and his father testified that there were rumors that his father participated in the assassination plot.

Roberts testified that his family left Guyana in 2002 because it was an unsafe place for them and that a group of criminals supported by the government threatened him and his family and forced them to leave their property. He said the threats were politically motivated because of his father's previous role in the government. He added that the threats would be intensified upon his return because in 2015 the Guyana government began to investigate the assassination his father was allegedly involved in. And he also shared that he knew other political activists and family members who were killed in Guyana, and that friends and former government officials in Guyana told him he would not be safe if he returned to Guyana.

The immigration judge found Roberts was removable as charged, pretermitted his application for asylum, determined he was not eligible for withholding of removal, and denied his application for protection under the Convention Against Torture. It pretermitted his application for asylum because he did not file that application within one year of his last entry into the United States and did not demonstrate he qualified for an exception to the filing

deadline. It determined he was not eligible for withholding of re-
moval because he did not establish that he was persecuted in the
past or that his life or freedom would be threatened in the future
on account of a protected ground, and because the "Afro Guya-
nese" social group was not cognizable under the statute because it
was not shown to be socially distinct within the Guyanese society.
And it denied Roberts's application for protection under the Con-
vention Against Torture because he presented no evidence of past
torture and did not establish he was more likely than not to be tor-
tured by or at the consent or acquiescence of a public official should
he return to Guyana.

Roberts filed a timely administrative appeal to the Board of
Immigration Appeals. He challenged the immigration judge's find-
ings regarding asylum, withholding of removal, and Convention
Against Torture protection, and he requested remand to apply for
voluntary departure to Guyana.

The Board upheld the immigration judge's decision and dis-
missed Roberts's appeal. It rejected his argument about asylum be-
cause he presented his theory that he qualified for an exception to
the one-year filing deadline for the first time on appeal. It also rea-
soned that even if that argument were preserved, the commence-
ment of the 2015 inquiry was not a material change of the condi-
tions that prompted his departure from Guyana. It rejected his ar-
gument about withholding of removal because the threats Roberts
cited did not rise to the requisite severity to be considered past per-
secution. It held that considering the evidence Roberts presented

and his father's testimony, he had not met his burden to establish that more likely than not his life or freedom would be threatened on account of a protected ground in the future if he were to return to Guyana. It also rejected Roberts's argument that he was entitled to protection under the Convention Against Torture because the harm Roberts suffered did not constitute past torture and the immigration judge was correct that Roberts could reasonably relocate within Guyana.

The Board also rejected Roberts's argument that it should remand the case for him to apply for voluntary departure because he was not given an opportunity to request voluntary departure. It reasoned that Roberts never requested voluntary departure before the proceedings in front of the immigration judge ended. Roberts timely petitioned for review.

## II.

We review *de novo* whether the Board of Immigration Appeals gave "reasoned consideration" to an applicant's claims. *Ali v. U.S. Att'y Gen.*, 931 F.3d 1327, 1333 (11th Cir. 2019). We affirm the Board's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010). Additionally, "[a] motion to remand based on new evidence is treated as a motion to reopen," and we review the Board's denial of that motion for abuse

of discretion. *Dos Santos v. United States Att'y Gen.,* 982 F.3d 1315, 1322 (11th Cir. 2020).

## III.

Roberts's petition for review argues that the Board of Immigration Appeals failed to give "reasoned consideration" to all the relevant evidence related to his claims for asylum, withholding of removal, and protection under the Convention Against Torture, and that the Board erred by not considering his claim for voluntary departure under the Immigration and Nationality Act.

To begin, we agree with the government that Roberts does not challenge the immigration judge's findings related to his ineligibility for asylum, withholding of removal, and Convention Against Torture protection. Instead, Roberts's challenges only the adequacy of the Board's review of the immigration judge's order and the Board's denial of Roberts's motion to remand to apply for voluntary departure. Thus, we will consider only these two issues, and not the immigration judge's findings, in his petition for review.

We agree with the government that the Board properly reviewed the immigration judge's denial of Roberts's claims for asylum, withholding of removal, and Convention Against Torture protection and gave "reasoned consideration" to Roberts's claims. The Board is required to give "reasoned consideration" to an applicant's claims and "make adequate findings." *Ali,* 931 F.3d at 1333 (internal citations omitted). To determine whether the Board gave a "reasoned consideration," we look to "whether the agency has considered the issues raised and announced its decision in terms

sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Jeune v. U.S. Att'y. Gen.*, 810 F.3d 792, 803–04 (11th Cir. 2016) (internal citations omitted). The Board "need not address specifically each claim the petitioner made or each piece of evidence the petitioner presented" to fulfil its obligations. *Carrizo v. U.S. Att'y Gen.*, 652 F.3d 1326, 1332 (11th Cir. 2011) (internal citations omitted).

The Board made adequate findings that enable us to perceive that the Board "heard and thought" about each of Roberts's arguments. *Jeune*, 810 F.3d at 803–04. For the asylum claim, the Board referenced Roberts's claims about the assassination his father was allegedly involved in, the 2015 investigation into that assassination, and the threats Roberts received related to his property dispute. For the withholding of removal claim, the Board reviewed the immigration judge's findings about the likelihood of future persecution in Guyana and determined that the immigration judge properly considered Roberts's father's testimony that he was viewed as an impartial figure in the government and was trusted by members of the opposing party. And for his claim for protection under the Convention Against Torture, the Board found that Roberts's claims were speculative and based on "stringing together a series of suppositions," and specifically referenced the current conditions in Guyana. Thus, we hold that the Board gave a sufficient "reasoned consideration" to each of Roberts's arguments.

We also agree with the government that the Board properly denied Roberts's motion to remand for the immigration judge to

consider his motion for voluntary departure. That motion to remand was filed after the immigration judge issued its opinion and was based on its order of removal. Thus, we review the Board's denial of Roberts's motion to remand for abuse of discretion. *See Dos Santos*, 982 F.3d at 1322. The crux of Roberts's argument is that he had expected to have an opportunity to request voluntary departure and did not realize the immigration judge closed the removal proceedings at the end of his hearing. Thus, he says the immigration judge should have considered his motion and the Board should have remanded his case to the immigration judge to do so.

The immigration judge did not issue a decision at the end of the hearing because of time constraints but gave the parties a chance to raise any other issues and made clear that it continued the hearing solely to issue a decision. In fact, Roberts raised another issue when he sought the inclusion of a human rights report into evidence. But he never mentioned a motion for voluntary departure. Because the immigration judge made clear to the parties that she continued the hearing only to issue an opinion and gave the parties the chance to raise any other issues, and because Roberts failed to seek voluntary departure, we hold that the BIA did not abuse its discretion in denying Roberts's motion to remand.

**IV.**

The petition for review is **DENIED**.