[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 13-13686; 13-14653
Non-Argument Calendar

_____

Agency No. A095-230-246


LENIS IRENE ARBOLEDA BOHORGUEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petitions for Review of Decisions of the
Board of Immigration Appeals

_____

(August 22, 2014)

Before TJOFLAT, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Petitioner Lenis Irene Arboleda Bohorguez, a native and citizen of

Colombia, seeks review of decisions of the Board of Immigration Appeals

("BIA"), in two petitions for review. We have consolidated the two petitions, which we deny in part and dismiss in part.

## I. BACKGROUND

On November 2, 2000, Arboleda Bohorguez was admitted into the United States as a non-immigrant visitor for pleasure with authorization to remain until May 1, 2001. In February 2002, Arboleda Bohorguez filed a pro se application for asylum and withholding of removal based on political opinion. In her application, Arboleda Bohorguez asserted she had entered the United States for the first time on November 2, 2001, in Brownsville, Texas, without inspection.

In March 2002, Arboleda Bohorguez was issued a Notice to Appear ("NTA") charging her with removability under Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), for being an alien, who at admission as a non-immigrant, remained in the United States for a longer time than permitted. The NTA shows Arboleda Bohorguez entered in Miami the country on November 2, 2000, with a B-2 visa, as a non-immigrant visitor for pleasure. During a hearing before an immigration judge ("IJ"), Arboleda Bohorguez testified she had entered into the United States for the first and only time on November 2, 2001.

The IJ denied Arboleda Bohorguez's applications for asylum and withholding of removal on several grounds, including her asylum application was

2

time-barred,[1] and ordered Arboleda Bohorguez to be removed to Colombia.  The IJ found Arboleda Bohorguez had last entered into the United States in November 2000 as a non-immigrant visitor, with authorization to remain until May 2001, and had stayed in the country beyond that date without authorization.  The IJ also found Arboleda Bohorguez's testimony lacked credibility.  Arboleda Bohorguez appealed to the BIA, which dismissed her appeal.  The BIA also denied Arboleda Bohorguez's intervening motions to remand and for change of venue.

In August 2005, Arboleda Bohorguez married a United States citizen.  In July 2006, she filed a motion asking the BIA to reconsider the denial of her motions to remand and for change of venue.  The BIA denied her motion and construed it as both a motion to reconsider and a motion to reopen.

In April 2010, Arboleda Bohorguez moved the BIA to reopen her case sua sponte and remand it to the IJ to allow her to present new evidence.  She asserted she was eligible to adjust her status to legal permanent resident, because she had been admitted to the United States on a B-2 visa.[2]  She also raised several arguments related to her husband's health, including a 2008 cancer diagnosis.

---

[1] An application for asylum generally must be filed within one year of the alien's arrival in the United States.  *See* INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B).

[2] Aliens who entered the United States without inspection generally are ineligible for adjustment of status.  *See* INA § 245(a), 8 U.S.C. § 1255(a) (limiting adjustment of status to aliens who were "inspected and admitted or paroled into the United States").

3

In December 2010, the BIA denied her motion to reopen her case sua sponte, as well as a request she had filed to stay her removal, because (1) the motion was untimely and did not qualify for any exception to the filing requirements; (2) Arboleda Bohorguez had failed to provide an adequate explanation for her prior statements she had entered into the United States without inspection and had not shown she was eligible for adjustment of status; and (3) she had failed to explain the delays between the dates on which she learned of her husband's health problems and her request to reopen her case.

In May 2013, Arboleda Bohorguez filed a motion again asking the BIA to reopen her case, to exercise its authority sua sponte to reopen her case, and to stay her removal. She argued she was eligible for adjustment of status because (1) she was the beneficiary of an approved I-130 petition[3] filed on her behalf by her United States citizen husband, and (2) she had been inspected and admitted to the United States on November 2, 2000, as a non-immigrant visitor. She further argued reopening her case was warranted as a result of the extreme hardship she and her immediate family would suffer, if she were deported. Arboleda Bohorguez apologized for her prior misrepresentations regarding her entry into the United

---

[3] An I-130 petition allows a United States citizen to have a qualifying alien relative classified as an "immediate relative" under the INA so that the alien relative may then apply to adjust his or her immigration status. *Williams v. Sec'y, U.S. Dep't of Homeland Sec.*, 741 F.3d 1228, 1230 (11th Cir. 2014) (citation and internal quotation marks omitted).

4

States, which she asserted arose out of circumstances in which she had been misguided by a former attorney.

In July 2013, the BIA denied Arboleda Bohorguez's May 2013 motion and request for a stay of removal, because the motion was untimely, number-barred, and did not satisfy any exception to the filing requirements. The BIA also determined the motion neither proffered new evidence nor identified any errors of law or fact warranting further consideration of the BIA's prior decisions. Arboleda Bohorguez also had not established exceptional circumstances warranting the exercise of the BIA's sua sponte authority.

On August 16, 2013, Arboleda Bohorguez moved the BIA to reconsider its July 2013 decision denying her May 2013 motion. Arboleda Bohorguez argued her May 2013 motion was not time-barred and satisfied an exception to the number-bar, because her I-130 petition, which had been approved by the United States Citizenship and Immigration Services in August 2012, constituted material, previously unavailable evidence showing changed circumstances.

The BIA denied Arboleda Bohorguez's August 2013 motion to reconsider on September 20, 2013, because it was number-barred. The BIA also determined the motion had identified no errors of law or fact warranting further consideration of prior decisions.

5

Arboleda Bohorguez has filed two petitions for review.  The first challenges the BIA's July 2013 order denying her May 2013 motion to reopen her case.  The second challenges the BIA's September 2013 denial of her August 2013 motion to reconsider.

## II. DISCUSSION

A. Motions to Reopen and Reconsider

In her petitions for review, Arboleda Bohorguez argues the BIA improperly denied her motions to reopen and to reconsider.  She contends the BIA failed to appreciate she had entered the United States legally as a visitor and therefore is eligible for adjustment of status, with a waiver of inadmissibility, because she is married to a United States citizen.  Arboleda Bohorguez further asserts the BIA improperly made a de novo factual finding when it failed to accept the truth of her latest allegations concerning her date of entry, thereby overturning the IJ's prior finding that she had entered the country legally on a visitor visa.

We review the BIA's denials of motions to reopen and to reconsider for abuse of discretion.  *Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1286 (11th Cir. 2008) (per curiam).  We review legal determinations, including our subject matter jurisdiction, de novo.  *Diallo v. U.S. Att'y Gen.*, 596 F.3d 1329, 1332 (11th Cir. 2010) (per curiam); *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1231 (11th Cir. 2007).

6

1.  Motion to Reopen

An alien may file one motion to reopen removal proceedings, which must be filed within 90 days of the date of entry of the final order of removal.  INA § 240(c)(7)(A), (c)(7)(C)(i), 8 U.S.C. § 1229a(c)(7)(A), (c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2); *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009) (per curiam); *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006) (per curiam).  The motion must "state the new facts that will be proven at a hearing to be held if the motion is granted" and "be supported by affidavits or other evidentiary material."   INA § 240(c)(7)(B), 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1); *Ali*, 443 F.3d at 808.

In July 2006, Arboleda Bohorguez filed a motion to reconsider the BIA's denial of her motions to remand and to change venue.  The BIA construed her motion as both a motion to reconsider and a motion to reopen.[4]  Arboleda Bohorguez thereafter filed a second motion to reopen in April 2010.[5]  Accordingly, Arboleda Bohorguez's May 2013 motion was her third motion and is number-barred.  *See* INA § 240(c)(7)(A), 8 U.S.C. § 1229a(c)(7)(A) (limiting motions to reopen to one motion).

---

[4] Arboleda Bohorguez has not argued the BIA improperly construed her July 2006 motion as a motion to reopen.

[5] She has not argued in her petitions for review that, by labeling her April 2010 motion as a request for sua sponte relief, she could avoid the number limitations on motions to reopen.

Arboleda Bohorguez's May 2013 motion was filed more than 90 days after the BIA's June 2006 order dismissing her appeal from the IJ's decision ordering her removal and therefore was untimely.[6] *See* INA § 240(c)(7)(C), 8 U.S.C. § 1229a(c)(7)(C) (motions to reopen must be filed within 90 days of the final order of removal). Arboleda Bohorguez has alleged no facts suggesting her May 2013 motion satisfied any other exceptions to the time and number limitations. While there are some recognized exceptions to the number-bar and 90-day time limit, Arboleda Bohorguez does not argue that she qualifies for any of them. *See* INA § 240(c)(7)(A), (c)(7)(C)(i), (iv), 8 U.S.C. § 1229a(c)(7)(A), (c)(7)(C)(i), (iv) (exception for victims of domestic violence); 8 C.F.R. § 1003.2(c)(3) (exceptions for certain orders entered *in absentia*, changed country conditions, jointly filed motions, and fraud in the original proceeding). Nor has she claimed she was entitled to equitable tolling of the deadline for filing a motion to reopen. *See Avila-Santoyo v. U.S. Att'y Gen.*, 713 F.3d 1357, 1362-64 (11th Cir. 2013) (en banc) (per curiam) (holding the 90-day deadline to seek reopening is subject to equitable tolling). Therefore, Arboleda Bohorguez has not shown the BIA erred in concluding her May 2013 motion was both number-barred and untimely.

---

[6] In her May 2013 motion, Arboleda Bohorguez argued reopening her case was warranted because of the extreme hardship she and her immediate family would suffer if she were deported. She, however, has failed to brief this claim in her petitions for review and therefore has abandoned it. *Carrizo v. U.S. Att'y Gen.*, 652 F.3d 1326, 1330 n.1 (11th Cir. 2011) (per curiam) (recognizing issues not addressed in a party's brief to this court are deemed abandoned).

Consequently, we deny Arboleda Bohorguez's petition regarding the BIA's denial of her May 2013 motion to reopen.

   2.  Motion to Reconsider

An alien may file one motion to reconsider a BIA decision within 30 days of the mailing of the decision.  8 C.F.R. § 1003.2(b)(2).  A motion to reconsider must specify the errors of fact or law in the prior BIA decision and must be supported by pertinent authority.  INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1).  A motion to reconsider that "merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind."  *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1329 (11th Cir. 2007) (citation and internal quotation marks omitted).

Regardless of whether Arboleda Bohorguez's August 2013 motion to reconsider was number-barred, the BIA did not abuse its discretion when it denied the motion, which identified no errors of fact or law in the BIA's prior decision. *See* INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1); *Calle*, 504 F.3d at 1329.  Arboleda Bohorguez's August 2013 motion asked the BIA to reconsider its July 2013 decision denying her May 2013 motion to reopen. Arboleda Bohorguez, however, alleged no facts in her August 2013 motion to reconsider showing her May 2013 motion to reopen satisfied any of the exceptions to the time and number limitations.  *See* INA § 240(c)(7)(A), (c)(7)(C)(i), (iv), 8

U.S.C. § 1229a(c)(7)(A), (c)(7)(C)(i), (iv); 8 C.F.R. § 1003.2(c)(3).  Therefore, we deny Arboleda Bohorguez's petition with respect to the BIA's denial of her August 2013 motion to reconsider.

B. Requests for BIA to Exercise Its Sua Sponte Authority

Arboleda Bohorguez also contends the BIA abused its discretion when it declined to reopen her removal proceedings sua sponte, based on several erroneous conclusions.  We, however, lack jurisdiction to review the BIA's decision whether to reopen or reconsider a case sua sponte in which it has rendered a decision.  *See Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1294 (11th Cir. 2008); *see also* 8 C.F.R. § 1003.2(a).  Therefore, we dismiss Arboleda's petitions with respect to the BIA's decisions not to exercise its sua sponte authority.

**PETITIONS DENIED IN PART AND DISMISSED IN PART.**

10