[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13233
Non-Argument Calendar
_____

Agency No. A094-889-427


RODRIGO DIAZ-HINCAPIE,
MARIA PAULA VEGA RESTREPO,
NATALIA DIAZ VEGA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 24, 2015)

Before WILSON, JULIE CARNES and FAY, Circuit Judges.

PER CURIAM:

Rodrigo Diaz-Hincapie (Diaz-Hincapie), his wife Maria Paula Vega Restrepo, and their daughter Natalia Diaz-Hincapie Vega seek review of the Board of Immigration Appeals' (BIA) final order affirming the Immigration Judge's (IJ) denial of Diaz-Hincapie's application for asylum and withholding of removal.

We review only the decision of the BIA, except to the extent that the BIA expressly adopts the IJ's decision. *Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). To the extent the BIA agrees with the IJ's reasoning, we will also review the IJ's decision. *Id.* We review factual determinations under the substantial evidence test. *Carrizo v. U.S. Att'y Gen.*, 652 F.3d 1326, 1330 (11th Cir. 2011) (per curiam). We must affirm a decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole. *Id.* Under this test, we view the record evidence in the light most favorable to the decision and draw all reasonable inferences in favor thereof. *Id.* We will reverse an IJ's factual findings only if the evidence compels a reasonable factfinder to find otherwise. *Id.* at 1331. Whether a group constitutes a particular social group under the Immigration and Nationality Act (INA) is a question of law that we review de novo. *See Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1195 (11th Cir. 2006).

2

The Attorney General has the discretion to grant asylum to an alien who establishes that he or she is a "refugee."  INA § 208(b)(1), 8 U.S.C. § 1158(b)(1).  A "refugee" is:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).  To establish eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a well-founded fear that the statutorily listed factor will cause future persecution.  8 C.F.R. § 208.13; *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1230–31 (11th Cir. 2005) (per curiam).  "[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation."  *Sepulveda*, 401 F.3d at 1231 (internal quotation marks omitted).

The applicant must also demonstrate that one of the enumerated grounds "was or will be at least one central reason" for the persecution.  INA § 208(b)(1)(B)(i), 8 U.S.C. § 1158(b)(1)(B)(i).  The statutory grounds for asylum specifically include "membership in a particular social group, or [a] political opinion."  INA § 101(a)(42)(A), 8 U.S.C. § 1101(a)(42)(A).  "Persecution on account of political opinion is persecution on account of the *victim's* political

3

opinion, not the persecutor's." *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 437–38 (11th Cir. 2004) (per curiam) (internal quotation marks omitted).  The key question is whether the persecutor is acting *because of* the applicant's political opinion.  *See id.* at 438.  We have held that "evidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1258 (11th Cir. 2006) (per curiam).

Congress has not defined what constitutes a "particular social group" under the INA, and we defer to the BIA's reasonable interpretation of that term, pursuant to *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 104 S. Ct. 2778 (1984).  *Castillo-Arias*, 446 F.3d at 1195–96.  In *Castillo-Arias*, we approved the BIA's definition of a "particular social group" as a group of persons who "share a common, immutable characteristic . . . such as sex, color, or kinship ties, or in some circumstances a shared past experience such as former military leadership or land ownership." *Id.* at 1193, 1196–97 (internal quotation marks omitted).  This characteristic "must be one that the members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." *Id.* at 1193 (internal quotation marks omitted).

4

To qualify as a "particular social group," a group must: (1) share an immutable characteristic, (2) not be defined by the risk of persecution alone, and (3) not be too numerous or inchoate. *Rodriguez v. U.S. Att'y Gen.,* 735 F.3d 1302, 1310 (11th Cir. 2013) (per curiam). Additionally, a particular social group must have "social visibility" (which the BIA recently renamed "social distinction"), which requires a group to be socially distinct within the society in question, i.e., it must be perceived as a group by society. *Matter of W-G-R-*, 26 I. & N. Dec. 208, 210–12 (BIA 2014). Apart from social distinction, a purported social group lacks particularity if the description of the group is too amorphous to allow members to be recognized as a discrete class of people. *See Matter of S-E-G-*, 24 I. & N. Dec. 579, 584–85 (BIA 2008).

Additionally, an alien is eligible for withholding of removal if removing him or her to a country would threaten the alien's life or freedom on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). The burden is on the alien to show a clear probability of future persecution, meaning that it is "more likely than not" that he or she will be persecuted or tortured if returned to his or her country. *Sepulveda,* 401 F.3d at 1232. The standard is more stringent than the "well-founded fear" standard for asylum, and if an applicant is unable to meet the "well-founded fear" standard of proof for asylum, he or she will be unable to meet the standard for

5

withholding of removal.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1249 n.3 (11th Cir. 2006) (per curiam).

Substantial evidence supports the BIA's and IJ's denial of asylum and withholding of removal.  First, Diaz-Hincapie did not suffer past persecution because the threatening phone calls that he received from members of the former paramilitary group the United Self-Defense Forces of Colombia ("AUC") did not rise to the level of persecution.  *Sepulveda*, 401 F.3d at 1231.  Second, substantial evidence supports the finding that Diaz-Hincapie did not show that the former AUC members' interest in him has survived his more than eight year absence from Colombia and the AUC's 2006 demobilization.  *See id.* at 1232.  Third, Diaz-Hincapie failed to show that the evidence compels the conclusion that the persecution he fears is based on his political opinion or his membership in a particular social group.  Diaz-Hincapie has not shown specific facts to demonstrate that the AUC's interest in him is based on his political opinion or family membership, rather than his refusal to pay funds that the AUC demanded.  *See Ruiz*, 440 F.3d at 1258.  Fourth, the agency did not err in determining that the "social group" proposed by Diaz-Hincapie, a family that runs a successful business and openly opposed the AUC, is not a "particular social group" for purposes of the INA because Diaz-Hincapie presented no evidence that his proposed group is socially distinct within Colombia.  *See Matter of W-G-R-*, 26 I. & N. Dec. at 212.

6

Finally, because Diaz-Hincapie failed to carry his burden as to asylum, he necessarily failed to carry the higher burden required to qualify for withholding of removal.  S*ee Amaya-Artunduaga*, 463 F.3d at 1249 n.3.  Accordingly, because the record does not compel reversal of the agency's determination that Diaz-Hincapie failed to meet his burden of establishing his eligibility for asylum or withholding of removal, we deny the petition for review.

**PETITION DENIED.**