[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-14604
Non-Argument Calendar
_____

Agency No. A098-378-145

NODIRBEK NIGMATOVICH YUSUPOV,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent,

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 10, 2015)

Before HULL, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Nodirbek Nigmatovich Yusupov seeks review of the Board of Immigration Appeals' (BIA's) denial of his emergency motion for a *sua sponte* order to reopen his application for CAT protection.  Yusupov asserts he was denied his Fifth Amendment right to due process because the incorrect legal standard was applied to his claim for protection under the United Nations Convention Against Torture (CAT), and, accordingly, his original removal proceedings should be reopened or reconsidered.  After review,[1] we deny the petition.

The BIA did not abuse its discretion in denying Yusupov's motion.  First to the extent the motion could be construed as a motion to reconsider the Immigration Judge's (IJ's) or BIA's original decision (1) the motion was untimely; and (2) Yusupov did not sufficiently show that his asserted eligibility for CAT relief was based on facts and circumstances different than those that formed the basis of his original claim, which the IJ found was not credible.  8 C.F.R. § 1003.2(b)(2) (providing an alien may file one motion to reconsider any given BIA decision, and it must be filed within 30 days of the mailing of the decision); *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1329 (11th Cir. 2007) (stating a motion to reconsider that "merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind" (quotation omitted)).  In

---

[1]  We review the BIA's denial of motions to reopen and to reconsider for an abuse of discretion.  *Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1286 (11th Cir. 2008).  We review legal determinations, including our own subject matter jurisdiction, *de novo*.  *Diallo v. U.S. Att'y Gen.*, 596 F.3d 1329, 1332 (11th Cir. 2010).

2

addition, Yusupov could have raised the argument the incorrect legal standard was applied by the IJ to address his CAT claim in an earlier motion. *See Matter of O-S-G-*, 24 I. & N. Dec. 56, 58 (BIA 2006) ("A motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied").

Next, to the extent the motion was construed as a motion to reopen, Yusupov does not challenge the BIA's determination his second motion to reopen was untimely and number-barred, and, accordingly, he has abandoned these arguments on appeal. *See Carrizo v. U.S. Att'y Gen.*, 652 F.3d 1326, 1330 n.1 (11th Cir. 2011) (explaining issues not addressed in a party's brief are deemed abandoned). Moreover, although Yusupov presented new evidence related to current torture in Uzbekistan in his second motion, the BIA did not abuse its discretion in finding this evidence did not reflect materially changed circumstances different from those he presented in his original CAT claim. *See* 8 U.S.C. § 1229a(c)(7) (providing the numerical limitation and 90-day time limit on motions to reopen do not apply if the motion to reopen is based on changed country conditions).

Finally, based on our binding precedent, we lack jurisdiction to review the BIA's denial of Yusupov's second motion to reopen or reconsider his original removal proceedings based on its *sua sponte* authority. *See Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1294 (11th Cir. 2008) (holding we lack jurisdiction to review the BIA's decision whether to *sua* sponte reopen or reconsider a case in which the

3

BIA has rendered a decision).  In particular, Yusupov is not challenging the constitutionality of the BIA's decision not to exercise its *sua sponte* power, but rather the constitutionality of the original removal proceeding, which we lack jurisdiction to review.

Accordingly, we deny the petition in part and dismiss in part.

**PETITION DENIED IN PART, DISMISSED IN PART.**