[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17695
Non-Argument Calendar

_____

Agency No. A202-122-564


RENE ISRAEL RIVERA-PEREZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 17, 2017)

Before HULL, WILSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Petitioner Rene Rivera-Perez, a native and citizen of El Salvador, petitions for review from the Board of Immigration Appeals's ("BIA") final order affirming the Immigration Judge's ("IJ") denial of his application for asylum. On appeal, he argues that substantial evidence does not support the BIA's determination that he was ineligible for asylum because he failed to show a nexus between the persecution he faced and his membership in a particular social group. Specifically, he argues that he is a member of a particular social group consisting of multi-generational farmers, and that the Mara Salvatrucha ("MS-13") gang targeted him because, as a member of that social group, he could inconspicuously transport drugs while herding cattle on horseback. After careful review, we deny the petition for review.

## I.    **BACKGROUND**

In September 2014, Petitioner arrived in the United States without being admitted or paroled. The Department of Homeland Security subsequently issued Petitioner a notice to appear, charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), for being an alien present in the United States without being admitted or paroled. Petitioner conceded removability and indicated that he would be seeking relief in the form of asylum and withholding of removal.

Petitioner applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), alleging that he feared returning to El

Salvador on account of his membership in a particular social group. Specifically, he asserted that he was targeted by the MS-13 gang because he was a farmer. He feared that MS-13 members would torture and murder him because he refused to join their gang.

The IJ conducted a merits hearing on Petitioner's applications. According to Petitioner, a criminal gang had threatened to kill him because he did not want to join their group and he therefore feared returning to El Salvador. On one occasion, while he was taking cattle to another part of the farm, the gang grabbed him, took him to a vacant home, and burned the shape of a cross on his arm with cigarettes. His grandparents still live in El Salvador and the gang had asked them about his whereabouts. If he returned to El Salvador, Petitioner believed the gang would kill him. He could not go to another part of El Salvador because there are gangs all over the country and they communicate with each other.

Petitioner testified that he moved cattle from his grandfather's farm to another plot of land because the cattle had run out of grass to eat. He encountered the gang each time he moved the cattle to the other plot of land. They took his money and told him they want him to transport marijuana and cocaine. On cross-examination, Petitioner stated that the gang members had not asked his grandfather to transport drugs. Petitioner acknowledged that when transporting the cattle, he

3

had to cross over the gang-controlled territory.  Petitioner later stated that the gang that threatened him was known as MS-13.

The IJ denied Petitioner's applications for asylum, withholding of removal, and CAT relief.  Though finding Petitioner credible, the IJ determined that Petitioner had not demonstrated past persecution or that he had a well-founded fear of future persecution on account of one of the statutorily protected grounds.  Specifically, the IJ determined that Petitioner had failed to show that he was targeted because of his membership in a particular social group consisting of multi-generational farmers, or that any other protected ground was the central reason that Petitioner was targeted.  Instead, the record showed that the gang members' actions were motivated by money and recruitment goals, not by animus directed against a protected group.  The IJ noted that if Petitioner had established that he suffered past persecution on account of a protected ground, the IJ would have granted asylum as a matter of discretion.  The IJ also denied Petitioner's applications for withholding of removal and relief under CAT.

Petitioner appealed to the BIA, arguing in relevant part that he had established a nexus between the harm he feared and a statutorily protected ground because MS-13 members targeted him based on his membership in a multi-generational farming family.  Further, he had a well-founded fear of persecution

4

because MS-13 members had questioned his grandparents about his whereabouts. Finally, he argued that he was entitled to withholding of removal.

The BIA affirmed the IJ's decision.  The BIA first agreed with the IJ's determination that Petitioner had not established that he suffered past persecution on account of a protected ground.  The BIA explained that regardless of whether multi-generational farmers qualified as a particular social group, Petitioner had failed to show that he was targeted because of his membership in that group.  The BIA further determined that the IJ did not clearly err in concluding that the gang members targeted Petitioner to enhance their criminal enterprise.  Petitioner could likewise not establish a well-founded fear of future persecution for the same reasons:  he could not show that the gang members' aggression was motivated by a protected ground.  Therefore, he could not establish eligibility for asylum and because the latter requires a lesser burden of proof, the BIA concluded that he likewise could not show that he qualified for withholding of removal.

## II.    DISCUSSION

### A.    Standard of Review

We review the BIA's decision as the final judgment, unless the BIA has expressly adopted the IJ's decision, in which case we review both decisions. *Carrizo v. U.S. Att'y Gen.*, 652 F.3d 1326, 1330 (11th Cir. 2001).  We also review the IJ's decision to the extent that the BIA adopted its reasoning or found the

5

reasons to be supported by the record. *Seck v. U.S. Att'y Gen.*, 663 F.3d 1356, 1364 (11th Cir. 2011). Here, because the BIA issued its own opinion, we review the BIA's decision. But because the BIA also agreed with some aspects of the IJ's opinion, we review the decision of the IJ to the extent of that agreement. *See id.*

We review factual findings for substantial evidence. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005). Under the substantial evidence test, we must affirm a determination "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (quotation omitted). We review the evidence in the light most favorable to the agency's decision, drawing all reasonable inferences in favor of that decision. *Id.* In other words, we cannot overturn a finding of fact unless the record compels it. *See id.* at 1287.

## B.     Asylum

Petitioner argues that he met his burden to demonstrate eligibility for asylum because he established that he was targeted by MS-13 members based on his membership in a group of multi-generational farmers.

An applicant for asylum must meet the Immigration and Nationality Act's ("INA") definition of refugee. 8 U.S.C. § 1158(b)(1)(A). A refugee is a person who cannot return to his home country due to "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id.* § 1101(a)(42)(A). To establish eligibility

6

for asylum, an applicant must demonstrate either past persecution, or a well-founded fear of future persecution, based on a statutorily listed factor. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006).

The applicant must show a nexus between the persecution he suffered or fears and a statutorily protected ground "by offering credible, direct, and specific evidence in the record." *See Rodriguez Morales v. U.S. Att'y Gen.*, 488 F.3d 884, 890 (11th Cir. 2007) (quotations omitted). Further, the alien must show that the statutorily protected ground "was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). Stated another way, the applicant must demonstrate that he will be persecuted "because of" the protected ground. *See Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 438 (11th Cir. 2004) (emphasis omitted) (explaining that a petitioner had to show that guerillas persecuted her because of her political opinion).

Here, the BIA concluded that regardless of whether Petitioner belonged to a particular social group—a group identifying as multi-generational farmers—he had failed to show that MS-13 members targeted him because of his membership in that group.[1] The record does not compel a contrary conclusion. Indeed,

---

[1] The BIA essentially assumed, without deciding, that a group consisting of multi-generational farmers qualified as a particular social group and that Petitioner belonged to that group. Thus, those issues are not before us. *See Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016) (explaining that issues not decided by the BIA are not properly before this Court). The only issue before us is whether substantial evidence supports the BIA's determination that Petitioner had not established that he was targeted because of his membership in that group.

7

substantial evidence supports the BIA's determination that MS-13 members did not target Petitioner because he belonged to a group of multi-generational farmers. Instead, they targeted him solely to further their criminal enterprise by stealing from him and attempting to recruit him to transport drugs for them.

Petitioner testified that the MS-13 gang controlled the area and that they stole from and mistreated anyone who came through their territory. The background evidence discusses "pervasive violence" in El Salvador and notes that victims who wander into gang-controlled areas are often targeted. Moreover, although Petitioner's grandfather, who still lives in El Salvador, had been forced to give his money to MS-13 members when transporting cattle through their territory, he had not been asked to transport drugs, despite the fact that he presumably belongs to the same particular social group as Petitioner. These facts, which are consistent with a finding that Petitioner was merely a victim of criminal activity and recruitment efforts intended to further MS-13's criminal enterprise, are insufficient to establish a nexus to a statutorily protected ground. *Ruiz*, 440 F.3d at 1257–58 ("[E]vidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas, or that merely shows that a person has been a victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground."); *see also Rodriguez Morales*, 488 F.3d at 890.

8

Although Petitioner contends that MS-13 members targeted him because of his cowboy skills, namely his ability to ride horseback, the record shows that Petitioner's status as a cowboy was, at most, incidental to the MS-13 members' motive of furthering their criminal enterprise. *Cf. Matter of J-B-N & S-M-*, 24 I. & N. Dec. 208, 214 (BIA 2007) (explaining that the protected ground "cannot be incidental, tangential, superficial, or subordinate to another reason for harm"); *Rivera v. U.S. Att'y Gen.*, 487 F.3d 815, 822–23 (11th Cir. 2007) (concluding that, even if alien refused to pay war tax for political reasons, that was insufficient to show that the alien was targeted for his political opinion rather than to enhance the guerillas' criminal enterprise).

We are also not persuaded by Petitioner's argument that the agency's favorable credibility finding contradicts its determination that he failed to show a nexus between the persecution and a statutorily protected ground. Petitioner's subjective belief that he was and will be targeted by MS-13 members because he belongs to a group of multi-generational farmers does not constitute objective evidence of the MS-13 gang's motives. *Cf. INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (explaining that an alien "must provide *some* evidence of [his persecutors' motives], direct or circumstantial" (emphasis in original)). And in any event, Petitioner's testimony shows that MS-13 members were not motivated by

9

his membership in a group of multi-generational farmers, but instead because they sought to steal from him and recruit him to transport drugs.

In short, the record does not compel the conclusion that Petitioner's membership in a particular social group was or will be at least one central reason for any past or future persecution, and therefore the BIA properly determined that Petitioner was not eligible for asylum.  Accordingly, we deny the petition for review.[2]

**PETITION DENIED.**

---

[2] Because Petitioner failed to present any argument pertaining to the BIA's and IJ's denial of his applications for withholding of removal and CAT relief, he has abandoned those claims. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that issues not briefed on appeal are abandoned).  Petitioner nevertheless failed to exhaust any claim related to CAT relief by not challenging the IJ's denial of that relief before the BIA.  *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (explaining that we lack jurisdiction to consider claims not raised before the BIA).