[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13170
Non-Argument Calendar
_____

Agency No. A215-813-676


ANIL KUMAR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 24, 2020)

Before WILSON, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Anil Kumar seeks review of the final order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and deferral of removal under the Convention Against Torture ("CAT").  On appeal, Kumar raises two arguments: (1) the IJ violated his due process rights, and (2) substantial evidence does not support the adverse credibility determination or the determinations that he was not eligible for asylum, withholding of removal, or CAT relief.

After careful review, we dismiss Kumar's petition in part and deny it in part. With respect to the due process arguments, we conclude that Kumar has not properly exhausted those claims and, as a result, we do not have jurisdiction to hear them.  And with respect to the second issue, we conclude that substantial evidence supported each of the BIA's determinations.


He argues that the IJ violated his due process rights by (1) incorrectly advising him of the allegations in the notice to appear ("NTA") and charges of removability and (2) not designating a country for removal.  He also argues that substantial evidence does not support the adverse credibility determination or the determinations that he was not eligible for asylum, withholding of removal, or CAT relief.

2

## I. DUE PROCESS VIOLATIONS

Kumar first argues that the IJ violated his due process rights by (1) incorrectly advising him of the allegations in the notice to appear ("NTA") and charges of removability and (2) not designating a country for removal. We review only the decision of the BIA, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Where the BIA agrees with the IJ's reasoning, we will also review the IJ's decision to that extent. *Id.*

We review due process claims *de novo*. *Lapaix v. U.S. Att'y Gen.*, 605 F.3d 1138, 1143 (11th Cir. 2010). We also review jurisdictional issues *de novo* and have an independent obligation to determine that we have jurisdiction to hear claims presented to us. *Chao Lin v. U.S. Att'y Gen.*, 677 F.3d 1043, 1045 (11th Cir. 2012). For us to exercise jurisdiction over a petition for review in an immigration case, an alien seeking relief must exhaust the administrative remedies available to him prior to obtaining judicial review. INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250–51 (11th Cir. 2006). The purpose of the exhaustion doctrine is to provide the agency with a full opportunity to consider an alien's claims for relief and compile an adequate record for judicial review. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016).

3

We lack jurisdiction over unexhausted claims, even if the BIA addressed them *sua sponte*. *Amaya-Artunduaga*, 463 F.3d at 1250–51.

To exhaust his available remedies, the petitioner must present all claims to the BIA. *Jeune*, 810 F.3d at 800. "This is not a stringent requirement. Simply put, the alien must have previously argued the core issue now on appeal before the BIA." *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297 (11th Cir. 2015) (quotation omitted). The petitioner also must "set out any discrete arguments he relies on in support of that claim." *Jeune*, 810 F.3d at 800. There is no obligation to use precise legal terminology or provide particularly developed arguments in support of a claim. *Id.* However, "[u]nadorned, conclusory statements do not satisfy this requirement, and the petitioner must do more than make a passing reference to the issue." *Id.* (quotation omitted). "[I]t is not enough that the petitioner has merely identified an issue to [the BIA]." *Id.* "Unless a petitioner raises a purely legal question, the BIA cannot review and correct errors without the petitioner first providing [his] argument's relevant factual underpinnings." *Indrawati*, 779 F.3d at 1298.

Here, we conclude that Kumar did not exhaust his due process arguments. In his brief before the BIA, he did not argue that IJ's failure to follow procedural regulations alone required reversal or that the IJ did not properly advise him of the charges of removal, and he only asserted that the IJ violated due process by failing

4

to designate a country for removal in a passing statement in the procedural history section of his brief.  That thin statement, "[u]nadorned" by any indication that it was raising a major issue, was plainly insufficient under our precedent to exhaust his due process claims.  Accordingly, we dismiss those arguments for lack of jurisdiction.

## II. SUBSTANTIAL EVIDENCE

Second, Kumar argues that substantial evidence did not support the BIA's adverse credibility determination or its determinations of his ineligibility for asylum, withholding of removal, or CAT relief.  When reviewing the BIA's decision, we review legal questions *de novo*.  *Zhou Hua Zhu v. U.S. Att'y Gen.*, 703 F.3d 1303, 1307 (11th Cir. 2013).  Factual determinations are reviewed under the substantial-evidence test, which requires us to view the record in the light most favorable to the agency's decision and draw all reasonable inferences in its favor. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1026–27 (11th Cir. 2004) (en banc).  We must affirm the BIA's decision if, considering the record as a whole, "it is supported by reasonable, substantial, and probative evidence."  *Id.* at 1027 (quotation omitted). To reverse administrative factual findings, we must determine that the record "compels" reversal, not merely that it supports a different conclusion.  *Id.*

We first address Kumar's argument relating to the BIA's adverse credibility determination.  As a threshold matter, we note that credibility determination is a

5

factual finding that we review under the substantial evidence test. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006). In that respect, "we may not substitute [our] judgment for that of the [IJ] with respect to credibility findings." *Id.* (quotation omitted, alterations in original).

The IJ must support an adverse credibility determination with "specific, cogent reasons" for that determination. *Id.* The burden then shifts to the petitioner to show that the determination "was not supported by specific, cogent reasons or was not based on substantial evidence." *Id.* (quotation and alteration omitted). A credibility determination alone can be sufficient to support the denial of an asylum application. *Id.* However, if the IJ does not expressly find a petitioner's testimony to be credible, an adverse credibility finding will not be implied. *See Yang v. U.S. Atty. Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005) (assuming "that any credibility determinations by the IJ were *not* dispositive of the appeal" where the IJ only called the claims a "ridiculous fabrication" and the alien's testimony "extremely inconsistent and [making] absolutely no sense whatsoever" but did not make an explicit finding that the testimony was not credible). Additionally, the IJ must still consider the other evidence that an applicant provides to determine whether he has met his burden. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005).

The ALJ may make an adverse credibility finding based on observations of the alien or witness at the hearing, the plausibility of the account, inconsistencies,

6

or any inaccuracies or falsehoods, regardless of whether any inconsistencies or inaccuracies goes to the heart of the claim.  INA § 208(b)(1)(B)(iii), 8 U.S.C. § 1158(b)(1)(B)(iii).  Substantial evidence supports an adverse credibility finding where omissions in a petitioner's application are revealed during the petitioner's testimony at his merits hearing.  *See Forgue*, 401 F.3d at 1287–88 (holding that substantial evidence supported the IJ's adverse credibility finding where the petitioner omitted relevant political activity from his asylum application).  Although a petitioner "might reasonably decline to list every" instance of persecution, "his failure to mention any of them supports the IJ's adverse credibility finding."  *Carrizo v. U.S. Att'y Gen.*, 652 F.3d 1326, 1332 (11th Cir. 2011) (holding that substantial evidence supported an adverse credibility finding where the petitioner's asylum application omitted alleged detentions to which he testified).  Substantial evidence can support an adverse credibility finding where an alien fails to provide corroborating evidence that would have rebutted the inconsistencies or omissions in his testimony.  *See Xia v. U.S. Att'y Gen.*, 608 F.3d 1233, 1240 (11th Cir. 2010) (holding that an adverse-credibility determination was supported where the applicant's testimony included one internal inconsistency and one omission).

Here, we conclude that substantial evidence supports the BIA's adverse credibility finding.  First, the IJ made a clear credibility finding based on the fact

that Kumar omitted from his application, and his father and aunt omitted from their affidavits, that his alleged persecutors went to his father's and aunt's houses to look for him. This was a significant part of his claim, as it bore on his ability to show a fear of future persecution. Contrary to his assertions, Kumar was given an opportunity to explain those omissions when the IJ discussed them at the hearing. Because Kumar did not argue to the BIA that the IJ erred in alternatively concluding that he had not shown his eligibility for asylum, withholding, or CAT relief, we dismiss his petition to the extent that he raises that argument. Because the adverse credibility determination supports the denial of his application, we deny the remainder.

### III. CONCLUSION

For the foregoing reasons, we dismiss Kumar's petition with respect to his due-process claims and deny it with respect to his claims as to whether there was substantial evidence to support the BIA's determinations. We conclude that Kumar did not properly exhaust his due-process claims, as is required for us to have jurisdiction over them, and that there was substantial evidence for each of the BIA's determinations.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

8