[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-14436

Non-Argument Calendar

_____

ADNAN ALI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A213-540-271

_____

Before ROSENBAUM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Adnan Ali, a citizen of Pakistan proceeding *pro se*, seeks review of the decision by the Board of Immigration Appeals to deny his claims for asylum, withholding of removal, and protection under the Convention Against Torture.

Ali alleges that he was attacked three times in Pakistan because of his religion as a Shia Muslim. The agency determined that he was not a credible witness, and that he failed to adequately corroborate his claims with other evidence. It therefore denied his application. After careful consideration, we affirm.

## I.

Ali arrived in the United States in 2019. After conceding to an immigration judge that he was removable, he applied for asylum, withholding of removal, and relief under the Convention Against Torture based on his religion as a Shia Muslim. His application stated that he had been attacked multiple times because of his religion. In support of his application, he submitted several affidavits from friends and family members, including his parents and his doctor. He also submitted various reports regarding conditions in Pakistan.

At his asylum hearing, Ali explained that he was first attacked in November 2018, when a group of people stopped him on his motorbike, slapped him, and asked why he converted to Shiism.

He also testified that, in December 2018, four people beat him and cut his nose with a knife. And in January 2019, three police officers allegedly stopped him and his father, then took him to a police station where they held him for five days, beat him, burned him with cigarettes, and deprived him of food and water.

The immigration judge denied Ali's application because he found that his testimony was not credible. The judge noted several inconsistencies between Ali's testimony and the record evidence, including that none of the letters that Ali submitted with his application mentioned the January 2019 incident with the police. The judge also pointed out that the letter from Ali's doctor said that he treated Ali for burns in December 2018, but Ali said that he only received burns during the January 2019 incident. The judge further concluded that Ali failed to adequately corroborate his claim, given that each of the letters contained significant errors and discrepancies.

The judge also determined that, even if Ali had been credible, his claims would not succeed on the merits. He reasoned that none of the mistreatment that Ali had allegedly endured amounted to persecution. And there was no evidence—such as pending criminal charges or an outstanding warrant—that indicated he would be singled out for future persecution. The judge further explained that Ali failed to prove a pattern or practice of persecution because Shia Muslims comprise a sizeable portion of Pakistan's population, and the government had taken steps to protect Shia individuals from attacks. And the judge held that, for the same reasons that Ali

had failed to establish eligibility for asylum, he also failed to qualify for withholding of removal or protection under the Convention Against Torture.

Ali appealed, and the Board of Immigration Appeals affirmed the immigration judge's decision. It concluded that the adverse credibility finding was supported by the record, specifically noting the omission of the January 2019 attack from his supporting letters, and the discrepancy in the doctor's mention of his burns. The Board further agreed that Ali failed to adequately corroborate his claims, and that he therefore did not carry his burden to establish eligibility for asylum, withholding of removal, or protection under the Convention Against Torture. It accordingly dismissed his appeal, and Ali timely petitioned this Court for review.

## II.

We generally review only the decision of the Board, but we will also review the immigration judge's decision to the extent that the Board adopted the immigration judge's reasoning. *Rodriguez v. U.S. Att'y Gen.*, 735 F.3d 1302, 1308 (11th Cir. 2013).

We review the agency's factual determinations, including credibility determinations, under the substantial evidence test. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1254-55 (11th Cir. 2006). Under that standard, we must affirm the agency's decision if "it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* We will view the record "in the light most favorable to the agency's decision and draw all

reasonable inferences in favor of that decision." *Id.* at 1255. Accordingly, for us to reverse a finding of fact, we must determine that the "record compels reversal." *Id.*

### III.

To qualify for asylum, Ali had to establish that he was a "refugee" under the Immigration and Nationality Act. 8 U.S.C. § 1158(b)(1)(B)(i). To do so, he needed to prove either that he had suffered past persecution on account of a protected ground, such as his religion, or that he had a well-founded fear of future persecution on account of a protected ground. 8 C.F.R. § 1208.13(b). To show that he had a well-founded fear of future persecution, he could show either that he would be "singled out" for persecution, or that he belongs to a protected group that is subject to a "pattern or practice" of persecution. *Id.* § 1208.13(b)(2)(iii). In any event, he needed to show that the persecution would be at the hands of the government, or a private actor that the government was unable or unwilling to control. *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 950 (11th Cir. 2010).

We have held that if an applicant fails to meet the criteria for asylum, he necessarily fails to establish eligibility for withholding of removal or protection under the Convention Against Torture. *Murugan v. U.S. Att'y Gen.*, 10 F.4th 1185, 1196 (11th Cir. 2021) (quoting *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1288 n.4 (11th Cir. 2005)).

To determine whether an applicant's testimony is credible, the immigration judge may consider the totality of the circumstances and all relevant factors, including the consistency of the applicant's statements with other evidence in the record. 8 U.S.C. § 1158(b)(1)(B)(iii). An adverse credibility determination alone is enough to support the denial of an asylum application when there is no other evidence of persecution. *Forgue*, 401 F.3d at 1287. But if the applicant produces other evidence of persecution, the immigration judge must consider that evidence and may not rely solely on the adverse credibility determination. *Id.*

Here, Ali challenges the agency's findings that he was not credible and that there was not enough other credible evidence to support his claims on the merits.

We conclude that substantial evidence supported the agency's adverse credibility finding. First off, none of the letters that Ali submitted in support of his application mentioned the significant attack that allegedly occurred in January 2019. Even his father, who was ostensibly an eyewitness to the attack, said nothing about that event. *See Carrizo v. U.S. Att'y Gen.*, 652 F.3d 1326, 1332 (11th Cir. 2011) (denying petition for review where adverse credibility finding was based on family's failure to disclose important details of applicant's alleged persecution).

Ali argues on appeal that the immigration judge should have specifically asked him why his father's letter omitted details of the January 2019 attack, instead of relying on a government attorney's question about why his family's letters failed to mention that

21-14436                Opinion of the Court                7

incident. But because the government attorney's question concerned all the family members' letters, we see no reason that such a redundant follow-up question was necessary.

Ali further argues that the immigration judge should have considered that the omission may have been the result of his parents' illiteracy. But Ali cannot overcome the adverse credibility finding merely by offering tenable explanations for the inconsistent aspects of his claim, see *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1233 (11th Cir. 2006), and Ali's assertion that his parents were illiterate would not compel a reasonable factfinder to overlook the omission of the January 2019 attack.

As additional evidence against Ali's credibility, his doctor's letter stated that he treated Ali for burns in December 2018. Yet Ali testified that he was burned with cigarettes during the January 2019 attack, and that he did not experience any burns during the December 2018 attack. This direct contradiction also amounted to substantial evidence in support of the agency's adverse credibility finding.

Attempting to explain this inconsistency, Ali asserts that the doctor saw him twice—once after the December 2018 incident, and once after the January 2019 incident. And he argues that that the doctor's reference to the burns was simply a mistake. But nothing in the record compels this conclusion, so Ali's explanation does not warrant reversal. *See Chen*, 463 F.3d at 1233.

The two inconsistencies explained above provide sufficient grounds for the agency's adverse credibility determination, and they were the only ones specifically relied upon by the Board. We therefore do not address the immigration judge's other findings as to his credibility.

Furthermore, regardless of whether the affidavits in the record are credible, they could not independently support Ali's asylum claim because none of them said that he was attacked on account of his religion. *See* 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 1208.13(b)(1). Ali has not cited any other evidence establishing that he individually experienced past persecution or that he would be singled out for future persecution.

Substantial evidence also supported the immigration judge's finding that the Pakistani government does not exhibit a pattern or practice of persecuting Shia Muslims. The immigration judge specifically relied on a report indicating that attacks on Shia Muslims are often carried out by terrorist groups or other non-government actors. The report also noted that the government has banned certain organizations connected to attacks on Shia Muslims, and that there has been an overall decline of such attacks in recent years. The report cited comments from government leaders urging the public to respect Shia religious observances around the Ashura holiday. And it stated that, around that holiday, provincial governments "deployed hundreds of thousands of police and other security forces to protect Shia religious ceremonies across the country." These facts provide substantial evidence that the Pakistani

government does not exhibit a pattern or practice of persecuting Shia Muslims.

Accordingly, the agency's finding that Ali did not qualify for asylum was supported by substantial evidence. Based on that conclusion, the agency also correctly concluded that Ali failed to meet the more demanding requirements for withholding of removal and protection under the Convention Against Torture. *See Murugan*, 10 F.4th at 1196.

**PETITION DENIED.**